IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:25-CR-024 (MAD) |
| | ) | |
| **v.** | ) | Government's Sentencing Memorandum |
| | ) | |
| **JASON BRUNDIGE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a term of imprisonment within the government's advocated U.S. Sentencing Guidelines' ("U.S.S.G." or the "Guidelines") range of 90 to 97 months and a 3-year term of supervised release.

## INTRODUCTION

On August 5, 2025, the defendant pled guilty pursuant to a written plea agreement to Counts 2, 3, and 4 of a six-count indictment—distribution of a controlled substance, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) (Count 2); use of a firearm during and in relation to and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A) (Count 3); and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 4).

The defendant is scheduled to be sentenced on January 12, 2026.

## OFFENSE CONDUCT

1

The charges arose from the defendant's distribution of cocaine to an undercover police officer on two occasions, and a confidential informant on one additional occasion. In total, the defendant distributed approximately 42.7 grams of cocaine from the defendant's residence in Milton, New York. During the second controlled purchase on July 2, 2024, when the defendant sold the undercover police officer 28.8 grams of cocaine, the defendant displayed a firearm to the officer while stating "I'm a nervous motherfucker. You see, you see what I'm saying? I'm a nervous motherfucker just like you."

After relocating from his Milton residence to a hotel in Malta, New York, law enforcement executed a search warrant at the defendant's hotel room. Law enforcement recovered 59.67 grams of cocaine in a soda can with a false bottom, drug paraphernalia, and approximately $2,420. Law enforcement also located a loaded 9mm firearm in a garbage can outside the defendant's hotel room, which was the same firearm that he displayed during the July 2, 2024 controlled purchase.

The government otherwise adopts the facts as set forth in the Presentence Investigation Report ("PSIR") prepared in this matter by the United States Probation Office.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.     Statutory Maximum Sentences**

<u>Counts 2 and 4: Distribution of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance</u>

   a) **Maximum term of imprisonment:** 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

   b) **Maximum fine:** $1,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>Count 3: Use of a Firearm During and In Relation To and Possession of a Firearm in Furtherance of a Drug Trafficking Crime</u>

c) **Maximum term of imprisonment:** Life, pursuant to 18 U.S.C. § 924(c)(1)(A).

d) **Mandatory minimum term of imprisonment:** 5 years, pursuant to 18 U.S.C. § 924(c)(1)(A).

e) **Consecutive sentence:** The term of imprisonment must be imposed consecutively to any other term of imprisonment imposed on the defendant, pursuant to 18 U.S.C. § 924(c)(1)(D).

f) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

g) **Supervised release term**: Between 3 years and life, to begin after imprisonment. See 21 U.S.C. § 841(b)(1)(C).

**2.    Guidelines Provisions**

The government agrees with the Probation Department's determination that the base offense level is 14, pursuant to USSG §§2D1.1(a)(5) and (c)(13). *See* PSIR ¶ 25. The government further agrees that the defendant maintained a premises for the purpose of distributing a controlled substance, resulting a 2-level increase pursuant to USSG §2D1.1(b)(12). Specifically, the defendant distributed cocaine from his residence on three separate occasions. The defendant also stored additional controlled substances and a firearm at that location. The defendant possessed the firearm at his residence for the purpose of protecting himself and his drug supply.  The government contends that, regardless of whether this location was the defendant's primary or long-term residence, it was used repeatedly to complete approximately 3 drug transactions, as well as drug transactions with other individuals aside from the undercover

officer. As such, the defendant used his Milton residence for the purpose of drug distribution. The resulting adjusted offense level is 16. *See* PSIR ¶ 30.

The government agrees with the Probation Department that the defendant is entitled to a 3-level downward departure of his total offense level for his acceptance of responsibility. The resulting total offense level is 13. *See* PSIR ¶ 34.

The government further agrees that the statutory minimum term of imprisonment of 60 months on Count 3 runs consecutive to the term of imprisonment imposed in connection with Counts 2 and 4, pursuant to USSG §2K2.4(b).

3.     **Criminal History Category**

The government agrees with the Probation Department that the defendant's criminal history category is V. *See* PSIR ¶ 61.

4.     **Guidelines Range and Sentence**

The resulting range of imprisonment is 90-97 months. *See* PSIR ¶ 92.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court sentence the defendant to a term of imprisonment within the guideline range of imprisonment of 90-97 months and impose a 3-year term of post-release supervision that would provide the defendant with the necessary resources to assist the defendant with refraining from future criminal conduct.

The offense conduct and the defendant's background support the government's proposed sentence. Specifically, the offense involved the defendant's distribution of cocaine and his possession of a loaded firearm in furtherance of his drug distribution operation. The defendant's conduct, including his brazen display of the firearm to the undercover officer, demonstrates the

defendant poses a danger to others. Further, the defendant has an extensive criminal history that includes prior convictions for criminal contempt, driving while intoxicated, assault, harassment, and petit larceny. The defendant has also been named as a suspect on fourteen domestic incident reports and committed the instant offense while on New York State parole.  The defendant has demonstrated through his prior conduct that he poses a danger to the community and that he remains undeterred by prior periods of incarceration. The substantial length of the requested sentence of imprisonment would serve as significant deterrent to the defendant's future criminal conduct.

It is also clear from the defendant's mental health, substance abuse, and employment history that resources and guidance available during a period of supervised release would be of great benefit to the defendant. Such resources would provide the defendant with the necessary treatment and vocational opportunities to ensure the defendant does not resort to criminal conduct to support himself and his substance abuse habit.

The requested sentence is sufficient and not greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a), including the need to promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.

                                        Respectfully submitted,

Dated: December 23, 2025                       TODD BLANCHE
                                               Deputy Attorney General

                                               JOHN A. SARCONE III
                                               Acting United States Attorney

By: */s/ Ashlyn Miranda*
    Ashlyn Miranda
    Assistant United States Attorney
    Bar Roll No. 700759

## CERTIFICATE OF SERVICE

      I hereby certify on December 23, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

                                                 /s/ *Ashlyn Miranda*